# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JOSEPH WILLIAM L. MILLER, )
)
)
Plaintiff, )
)
v. ) No. 06-CV-215-SAJ
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security )
Administration,[1] )
)
Defendant. )

## **OPINION AND ORDER**[2]

Pursuant to 42 U.S.C. § 405(g), Claimant appeals the decision of the Commissioner denying Supplemental Security Income benefits.[3] Claimant asserts he is disabled and unable to work because of brain damage, hearing loss, bad back, bad knees, hernia, a painful left shoulder, comprehension problems and depression.[4] Claimant asserts that the Commissioner erred because (1) the ALJ failed to properly document the file with regard to Claimant's condition; and (2) the ALJ erred by failing to include all of Claimant's physical

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 42 U.S.C. § 405(g) of the Social Security Act.

[2] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

[3] Administrative Law Judge Richard A. Say (hereafter "ALJ") concluded that Plaintiff was not disabled by decision dated April 16, 2005. [R. 12-18]. Plaintiff appealed the decision by the ALJ to the Appeals Council. The Appeals Council issued a notice on July 8, 2004, stating that the ALJ's decision denying benefits to Plaintiff is the final decision of the Commissioner.

[4] The hernia was surgically corrected and is resolved.

limitations in formulating Claimant's residual functional capacity assessment. For the reasons discussed below, the Court affirms the Commissioner's decision.

## 1. FACTUAL AND PROCEDURAL HISTORY

Claimant filed his current application for Supplemental Security Income on July 17, 2003, alleging he became disabled on December 31, 1988. Counsel amended the alleged onset date to April 1, 2002 at hearing. Claimant timely completed the procedural processes necessary to pursue his claim. Claimant submitted new evidence to the Appeals Counsel, which consisted of records from Claimant's incarceration in Michigan. Following entry of the final decision of the Appeals Counsel affirming the ALJ's denial of benefits, Claimant now seeks judicial review pursuant to 42 U.S.C. § 405(g).

This Court set a briefing schedule which included time during which a reply brief could be filed on behalf of Claimant. No reply brief was filed nor was a request for extension of time filed. The case is therefore considered at issue.

Claimant was a 37 year old male with a high school education consisting of twelve years of special education at time of hearing who alleges he is disabled due to brain damage resulting from being dropped on his head as an infant and falling from a barn onto his head at the age of three, hearing loss, back, shoulder and knee pain. He also alleges depression. The facts set forth in the decision of the ALJ are substantiated by the record except where indicated herein.

Hearing was held before the ALJ on February 15, 2005. Claimant appeared with counsel, Timothy Bates, and testified. Testimony was also taken from Claimant's aunt, Dixie K. Chronister, and Vocational Expert Cheryl Mallon.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[5]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States*

---

[5] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner. *Qualls v. Apfel*, 206 F.3d 1368 (10th Cir. 2000); *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[6] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3. ISSUES ON APPEAL

#### A. Further Testing

Claimant first urges the ALJ failed to properly document the file with regard to

---

[6] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

Claimant's condition.  Specifically, Claimant argues further testing was recommended to determine intellectual functioning by Dr. Kathie Ward in consultative report dated August 23, 2003.

The ALJ concluded, consistent with Dr. Ward's conclusions, that Claimant was low to borderline intellectual functioning, which constituted a severe impairment.  The ALJ's findings that Claimant was limited in the ability to read and write, had no ability to use numbers, was limited to short, simple instructions, had moderate limitation in the ability to maintain attention and concentration and deal with the public, and could have no contact with children based upon a history of pedophilia, are consistent with the GAF score of 75 which was assigned to Claimant by Dr. Ward.  Dr. Ward did not indicate she was limited in any way in assigning the GAF score by not having the results of an IQ test available. Further, the Tenth Circuit has found that the focus Is not on a diagnosis of impairment, but upon the resulting limitations. The mere diagnosis of impairment does not confer disability. *See Bernal v. Bowen,* 851 F. 2d 297 (10th Cir. 1988).

Commissioner correctly states that a consultative examination is not required in every case. The ALJ has broad latitude to determine this.  In the case at bar, the ALJ had already ordered two consultative exams.  Further testing would have been necessary had the medical evidence been inconclusive or incomplete, had there been a direct conflict in the medical evidence requiring resolution or had additional tests been needed to explain a diagnosis contained in the record. *See Thompson v. Sullivan*, 987 F. 2d 1482 (10th Cir. 1993).  None of these factors were present in this record.

### B. Residual Functional Capacity

Claimant next asserts the ALJ erred at step 4 of the five step sequential process by

failing to formulate a residual functional capacity ("RFC") assessment that included all of Claimant's physical and mental limitations. Claimant urges the RFC requires abilities beyond those possessed by him. Claimant asserts this is based upon the ALJ's failure to document the extent of Claimant's mental condition, which this Court has already addressed, and the ALJ's failure to properly weigh the opinions of Claimant's treating physicians and Claimant's own subjective complaints.

Commissioner counters that substantial evidence exists to support the ALJ's conclusions. A spine x-ray shows dextroscoliosis and mild degenerative changes to the spine, not in themselves considered disabling. Further, Claimant had a full range of motion and no neurological deficits when examined by Dr. Abu-Esheh in September, 2003. [R. 94]. He reported low back pain and his back "locking up" occasionally, originating from a foster brother jumping onto his back when he was doing push-ups at about the age of 12. He also reported shoulder pain from a more recent injury. However, in the physical examination he was given, there was no restricted motion noted. He had 5/5 muscle strength in all extremities, normal heel/toe walking, and his gate was normal, safe, and stable with appropriate speed. No muscle atrophy was identified.

### C. Subjective Complaints

Claimant challenges the ALJ's RFC finding by citing to Claimant's own subjective complaints. As previously stated, the objective medical evidence provided substantial evidence to support the ALJ's determination that the subjective complaints were not fully credible. The ALJ is in the best position to assess credibility. *See Qualls v. Apfel*, 206 F. 3d 1368 (10th Cir. 2000). In this case, although the ALJ could have provided more detail as to his reasons for finding the Claimant's subjective complaints to be less than credible,

there is sufficient detail in the findings of the ALJ when compared to the record.

### D.  New Evidence

Records were submitted from Claimant's period of incarceration in Michigan. Claimant states the ALJ failed to fully consider these records in conjunction with the records submitted by the consultative experts. The records cover the time period 1988 to 1998 and are therefore somewhat remote in time. Nevertheless, the new evidence was admitted and considered by the Appeals Council in its review as noted in its Order. This argument is therefore without merit. *See Chambers v. Barnhart*, 389 F. 3d 1139 (10th Cir. 2004).

### 4. CONCLUSION

The Court concludes substantial evidence supports the ALJ's determination that Claimant is not disabled and can perform other work existing in significant numbers in the national economy. The Court finds the ALJ applied the proper legal standards to reach his determination and the decision of the ALJ should be affirmed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the decision of the Commissioner is affirmed.

DATED THIS 18TH DAY OF SEPTEMBER, 2007.

Sam A. Joyner
United States Magistrate Judge